UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS INC., | CASE NO. 2:23-cv-01598-LK |
| Plaintiff, | ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| PACIFIC SHIP REPAIR & FABRICATION INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff Northwest Administrators, Inc.'s Motion for Default Judgment. Dkt. No. 14. Northwest Administrators seeks to recover liquidated damages, interest, attorney's fees, and costs from Defendant Pacific Ship Repair & Fabrication, Inc., arising from Pacific Ship Repair's untimely payments of employee benefit contributions. *Id.* at 3–5. Pacific Ship Repair has not appeared or otherwise defended in this action. *See* Dkt. No. 10. For the reasons set forth below, the Court grants Northwest Administrators' motion.

## I. BACKGROUND

Northwest Administrators "is the authorized administrative agency for and the assignee of the Western Conference of Teamsters Pension Trust Fund," which provides retirement benefits to eligible participants pursuant to Section 302(c) of the Labor Management Relations Act, 29 U.S.C. § 186(c), and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Dkt. No. 1 at 1–2; Dkt. No. 15 at 1–2. According to Northwest Administrators, Pacific Ship Repair is bound to a collective bargaining agreement ("CBA") with Local 174 of the International Brotherhood of Teamsters that obligates Pacific Ship Repair to report and pay monthly contributions to the Trust for each hour of compensation it pays to employees who are members of the bargaining unit represented by Local 174. Dkt. No. 1 at 2; Dkt. No. 15 at 3–4; Dkt. No. 15-3 at 2, 24, 31–32. Pacific Ship Repair is also bound by the Trust Agreement and Declaration, which obligates it "to pay liquidated damages equal to twenty percent (20%) of all delinquent and delinquently paid contributions due to the Trust," along with interest, attorney's fees, and costs that the Trust incurs in connection with Pacific Ship Repair's unpaid obligations. Dkt. No. 1 at 3; *see also* Dkt. No. 15 at 4–6; Dkt. No. 15-1 at 14; Dkt. No. 15-2 at 2.

On October 18, 2023, Northwest Administrators initiated the instant action, alleging that Pacific Ship Repair had failed to pay all amounts due to the Trust from July 1, 2023 to the date of filing. Dkt. No. 1 at 3. Northwest Administrators served Pacific Ship Repair on October 27, 2023. Dkt. No. 8. Thereafter, Pacific Ship Repair paid Northwest Administrators for overdue contributions. *See* Dkt. No. 15 at 8–9; Dkt. No. 15-6 at 2–3.[1] However, Pacific Ship Repair failed to appear in this action, and Northwest Administrators moved for default. Dkt. No. 9. The Clerk

---

[1] In support of its motion for default judgment, Northwest Administrators submitted delinquency notices from October 2022 relating to Pacific Ship Repair's unpaid contributions from August and September 2022. Dkt. Nos. 15-4, 15-5; *see also* Dkt. No. 15 at 8. The relevancy of these notices is unclear because this matter relates to unpaid contributions from August and September 2023. Dkt. Nos. 15-6, 15-7; *see also* Dkt. No. 15 at 9. Accordingly, these notices do not alter the outcome.

of the Court entered default on February 13, 2024, Dkt. No. 10, and on March 8, 2024, Northwest Administrators filed this motion for default judgment requesting liquidated damages, interest, attorney's fees, and costs, Dkt. No. 14.

## II. DISCUSSION

### A. Subject Matter and Personal Jurisdiction

The Court has subject matter jurisdiction over Northwest Administrators' claims pursuant to Section 502 of ERISA. *See* 29 U.S.C. § 1132(e)(1) ("Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought . . . by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title."). The Court also has personal jurisdiction over Pacific Ship Repair pursuant to 29 U.S.C. § 1132(e)(2) by virtue of (1) Northwest Administrators' effecting personal service on it and (2) the Trust being administered in this district. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); Dkt. No. 8; Dkt. No. 1 at 2.

### B. Legal Standard

Under Rule 55 of the Federal Rules of Civil Procedure, a court may enter default judgment against a party that fails to appear or otherwise defend in an action. District courts have discretion to grant or deny a motion for default judgment. *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Courts may consider the following factors (the "*Eitel* factors") in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,]

(6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72.

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). However, the plaintiff must establish the relief to which it is entitled. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Accordingly, "necessary facts not contained in the pleadings, and the claims which are legally insufficient, are not established by default." *Cripps*, 980 F.2d at 1267.

C. **Northwest Administrators is Entitled to Default Judgment**

The Court has considered the *Eitel* factors and finds that default judgment is appropriate in this case for the reasons discussed below.

1. <u>The Possibility of Prejudice to Northwest Administrators</u>

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. *See, e.g., PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Pacific Ship Repair has failed to respond to this action, so default judgment is Northwest Administrators' only means for recovery. Thus, the first *Eitel* factor supports default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) ("[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." (quotation marks and citation omitted)).

2. <u>The Merits of the Northwest Administrators' Substantive Claims and the Sufficiency of its Complaint</u>

In evaluating the second and third *Eitel* factors, the Court considers the merits of Northwest Administrators' claims and whether the allegations in its complaint are sufficient to state a claim on which it may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 4

Section 515 of ERISA provides that employers must pay contributions required "under the terms of the plan or under the terms of a collectively bargained agreement," 29 U.S.C. § 1145, and Section 502 provides for a civil action and remedies, including liquidated damages, interest, attorney's fees, and costs, *id.* § 1132(a), (g). To be entitled to a mandatory award of liquidated damages, interest, attorney's fees, and costs under 29 U.S.C. § 1132(g)(2), (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award. *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). Importantly, "mandatory fees are available under § 1132(g)(2) notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions themselves." *Id.* at 258 (quotation marks and citation omitted).

Here, the first factor is met because Northwest Administrators alleges that Pacific Ship Repair was delinquent at the time of filing. Dkt. No. 1 at 3; *Albertson's*, 104 F.3d at 257. The second factor is satisfied because, even though Pacific Ship Repair paid the delinquency after Northwest Administrators initiated this lawsuit, *see* Dkt. No. 15 at 9; Dkt. No. 15-6, such payment occurred post-suit and pre-judgment, *Albertson's*, 104 F.3d at 258. The third factor is also met because the relevant plan provides for an award of liquidated damages, interest, attorney's fees, and costs. Dkt. No. 1 at 3; Dkt. No. 15-1 at 14. Therefore, Northwest Administrators has sufficiently pleaded a claim under 29 U.S.C. § 1132 and such claim has merit.[2]

   3.  The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This

---

[2] The Court finds in the alternative that Northwest Administrators has sufficiently alleged a breach of contract claim, and such claim also has merit. *See id.* at 2–3; *see also, e.g.*, *Trs. of S. Cal. Ibew-Neca Pension Plan v. Cruz, Prado & Assocs., Inc.*, No. 2:21-CV-06095-MEMF-MAA, 2024 WL 2120238, at *4 (C.D. Cal. May 9, 2024); *Trs. of S. Cal. IBEW-NECA Pension Plan v. Alarm Tech Sec. Sys., Inc.*, No. CV 08-3432 PSG (PJWx), 2008 WL 4196627, at *3 (C.D. Cal. Sept. 8, 2008).

requires the Court to assess whether the recovery sought is proportional to the harm caused by Pacific Ship Repair's conduct. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014), *abrogated on other grounds by Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030 (9th Cir. 2020). Northwest Administrators seeks a total of $1,818.29 against Pacific Ship Repair comprised of the following amounts:

1. $488.57 in liquidated damages;
2. $29.72 in interest;
3. $765 in attorney's fees; and
4. $535 in costs.

Dkt. No. 14 at 3; Dkt. No. 14-2 at 1–2; Dkt. No. 15 at 9–10; Dkt. No. 16 at 3, 5–6. The amount Northwest Administrators seeks is supported by the relevant agreements, declarations, and exhibits filed in conjunction with its motion for default judgment. *See generally* Dkt. Nos. 14–16. Moreover, because Pacific Ship Repair has already paid its delinquent contributions, Northwest Administrators is seeking only liquidated damages, interest, attorney's fees, and costs. Therefore, the total amount Northwest Administrators seeks is relatively modest and in proportion to Pacific Ship Repair's failure to timely pay its contributions. *See Nw. Adm'rs, Inc. v. Pac. Ship Repair & Fabrication, Inc.*, No. C23-0645-KKE, 2024 WL 1860188, at *3 (W.D. Wash. Apr. 29, 2024). Finally, as noted above and set forth more fully below, ERISA mandates an award of liquidated damages, interest on delinquent contributions, reasonable attorney's fees, and costs. 29 U.S.C. § 1132(g)(2). Thus, this factor weighs in favor of default judgment.

4. <u>The Possibility of a Dispute Concerning Material Facts</u>

As for the fifth factor, no genuine issue of material fact exists. Once default is entered, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. *TeleVideo*, 826 F.2d at 917–18.

5. <u>Whether the Default Was Due to Excusable Neglect</u>

Turning to the sixth factor, the record contains no indication that Pacific Ship Repair's default was due to excusable neglect. Despite being given sufficient notice of this action, Pacific Ship Repair has not appeared, responded to the motion, or contested the entry of default judgment. Because there is no evidence of excusable neglect, this *Eitel* factor favors the entry of a default judgment. *See Eve Nevada, LLC v. Derbyshire*, No. 21-0251-LK, 2022 WL 279030, at *4 (W.D. Wash. Jan. 31, 2022).

6. <u>The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits</u>

Finally, the Court is aware that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the existence of Federal Rule of Civil Procedure 55(b) "indicates that 'this preference, standing alone, is not dispositive'" because Rule 55 allows a court to issue a default judgment if defendant fails to appear and defend. *PepsiCo*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, No. C94-2684-TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). Accordingly, although the Court is cognizant of the policy in favor of decisions on the merits, that policy does not, by itself, preclude the entry of default judgment. This is especially true where, as here, Pacific Ship Repair has failed to appear or defend and the other *Eitel* factors weigh in favor of entering a default judgment.

In sum, the Court finds that the *Eitel* factors weigh in favor of entry of a default judgment for Northwest Administrators.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 7

**D.    Northwest Administrators' Recovery**

Having determined that a default judgment is warranted, the Court turns to Northwest Administrators' recovery. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see also* LCR 55(b). "The purpose of this rule is to ensure that a defendant is put on notice of the damages being sought against it so that [it] may make a calculated decision as to whether or not it is in [its] best interest to answer." *Alameda Cnty. Elec. Indus. Serv. Corp. v. Banister Elec., Inc.*, No. C 11-04126 LB, 2012 WL 3042696, at *1 (N.D. Cal. July 25, 2012). Here, Northwest Administrators' complaint prayed for: (1) "[a]ll delinquent contributions due to the Trust"; (2) "[a]ll liquidated damages and pre-judgment interest due to the Trust"; (3) "[a]ll attorney's fees and costs incurred by the Trust in connection with the Defendant's unpaid obligation"; and (4) "[s]uch other and further relief as the Court may deem just and equitable." Dkt. No. 1 at 3–4. As part of its motion for default judgment, Northwest Administrators requests $488.57 in liquidated damages, $29.72 in pre-judgment interest, $765 in attorney's fees, and $535 in costs. Dkt. No. 14-2 at 1–2.

Although Northwest Administrators did not specify the relevant dollar amount until it moved for default judgment, the Trust Agreement and the complaint both set forth the relevant time frame and potential damages calculations, so Pacific Ship Repair "had adequate notice of the scope and approximate size of the damages award that would be requested." *Nw. Adm'rs, Inc. v. Cy Expo LLC*, No. 2:23-CV-01419-TL, 2023 WL 8828869, at *3 (W.D. Wash. Dec. 21, 2023); *see also Pac. Ship*, 2024 WL 1860188, at *3–4. Thus, because neither Northwest Administrators' motion for default judgment nor its proposed order adds any item that "differ[s] in kind . . . from what is demanded in the pleadings," Fed. R. Civ. P. 54(c), the Court finds that the relief it seeks to recover sufficiently aligns with what it sought in its initial pleadings, *cf. Eve Nevada*, 2022 WL 279030, at *7 n.4 (denying injunctive relief the plaintiff did not seek in its complaint).
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 8

Further, the Trust Agreement and ERISA both obligate Pacific Ship Repair to pay each type of relief requested. *See* Dkt. No. 1 at 3; Dkt. No. 15-1 at 14; 29 U.S.C. § 1132(g)(2). Section 1132(g)(2) "is 'mandatory and not discretionary.'" *Albertson's*, 104 F.3d at 257 (quoting *Operating Eng'rs Pension Tr. v. Beck Eng'g & Surveying, Co.*, 746 F.2d 557, 569 (9th Cir. 1984)). However, a plaintiff seeking money damages must also "'prove-up' the damages" sought through admissible evidence. *Sacramento Area Elec. Workers Health & Welfare Tr. v. FAMCO*, No. 17-CV-03823-BLF, 2019 WL 13203780, at *4 (N.D. Cal. Nov. 20, 2019) (citations omitted). Accordingly, the Court must examine the appropriate amount of relief.

      1.  <u>Liquidated Damages</u>

Northwest Administrators seeks $488.57 in liquidated damages. Dkt. No. 14 at 3; Dkt. No. 14-2 at 1–2. ERISA provides for liquidated damages in "an amount equal to the greater of" interest on the unpaid contributions or as provided for under the plan "in an amount not in excess of 20 percent" of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). Northwest Administrators has submitted evidence showing that Pacific Ship Repair was late paying contributions for August and September 2023, Dkt. Nos. 15-6–15-7, and that the Trust Agreement provides for liquidated damages of 20 percent of the late payment amounts, Dkt. No. 15-1 at 14. In addition, Northwest Administrators includes a summary of its liquidated damages calculations. *See* Dkt. No. 15-7 at 2; *see also* Dkt. No. 15 at 9. Accordingly, there is sufficient evidence to support this amount of liquidated damages, and, in accordance with the Trust Agreement, the Court awards Northwest Administrators $488.57 in liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii).

      2.  <u>Interest</u>

Northwest Administrators next requests $29.72 in interest on the unpaid contributions. Dkt. No. 14 at 3; Dkt. No. 14-2 at 1–2. An award of interest on unpaid contributions is authorized by 29 U.S.C. § 1132(g)(2)(B), and such interest "shall be determined by using the rate provided under

the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g). Consistent with the statute and the Trust Agreement, the $29.72 in interest was calculated at seven percent per annum upon each monthly contribution delinquency from the date the contributions first became due through their date of payment. Dkt. No. 14 at 3; Dkt. No. 15 at 9; Dkt. No. 15-1 at 14; Dkt. No. 15-7 at 2; Dkt. No. 16-2 at 2. Therefore, the Trust Funds are entitled to interest under the Trust Agreement and Section 1132(g)(2)(B) in the amount of $29.72.

        3. <u>Attorney's Fees</u>

Northwest Administrators further seeks $765 in attorney's fees. Dkt. No. 14-2 at 1–2; Dkt. No. 15 at 10; Dkt. No. 16 at 3. ERISA allows recovery of "reasonable attorney's fees[.]" 29 U.S.C. § 1132(g)(2)(D). Awards for attorney's fees in ERISA actions are calculated using a hybrid lodestar/multiplier approach. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). This approach has two parts: first, the court determines the lodestar amount by multiplying the number of hours reasonably expended in the litigation by a reasonable hourly rate, and second, the court may adjust the lodestar upward or downward using a multiplier based on factors not subsumed in the initial calculation. *Id.* To determine the total amount claimed, Northwest Administrators used the lodestar method and has not requested an adjustment of that method. *See* Dkt. No. 16 at 3–4; Dkt. No. 16-3 at 2. Nor does the Court find that any of the *Kerr* factors warrant an upward or downward adjustment. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (identifying and adopting 12 factors "to be considered in the balancing process required in a determination of reasonable attorney's fees"), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

With respect to reasonable hourly rates, the Court finds that Russel J. Reid's and Thomas Leahy's hourly rates of $300 per hour, Dkt. No. 16 at 4; Dkt. No. 16-3 at 2, are reasonable for the work performed and for the Seattle market for attorneys with similar experience levels. *See*

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 10

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."); *Cy Expo*, 2023 WL 8828869, at *4 (finding counsel's $300 hourly rate reasonable in joint labor-management funds case). As for the non-attorney billable rates of $120 and $60 per hour for counsel's paralegal and secretary/receptionist, respectively, *see* Dkt. No. 16 at 4, such fees appear to be consistent with those awarded in similar default judgment cases within this district, *see Cy Expo*, 2023 WL 8828869, at *4.

The Court further finds that counsel for Northwest Administrators reasonably spent 5.53 compensable hours on this matter, as supported by the billing summary submitted in support of the motion for default judgment. *See* Dkt. No. 16-3 at 2; *Bd. of Trs. of Nw. Ironworkers Health & Sec. Fund v. Skinner Steel & Constr. LLC*, No. 2:22-cv-1321-LK, 2024 WL 1283284, at *6 (W.D. Wash. Mar. 26, 2024) (finding 6.7 hours of compensable hours reasonable). The Court therefore awards Northwest Administrators $765 in attorney's fees for the work conducted between October 23, 2023, and February 26, 2024. *See* Dkt. No. 16-3 at 2.

    4. <u>Costs</u>

Last, Northwest Administrators requests reimbursement for $535 in costs incurred by the case filing fee and for service of process. Dkt. No. 16-3 at 2; Dkt. No. 14-2 at 1–2. ERISA allows recovery of the "costs of the action." 29 U.S.C. § 1132(g)(2)(D); *see also, e.g.*, *Masonry Sec. Plan of Wash. v. Radilla*, No. 2:20-00350-RAJ, 2021 WL 3602517, at *4 (W.D. Wash. Aug. 13, 2021) (awarding filing fee and service costs in an ERISA action). Furthermore, "court costs" are recoverable under the Trust Agreement. Dkt. No. 15-1 at 14. The Court therefore awards Northwest Administrators $535 for costs spent litigating this action.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Northwest Administrators' Motion for Default Judgment. Dkt. No. 14. Default judgment shall enter in favor of Plaintiff Northwest Administrators, Inc. and against Defendant Pacific Ship Repair & Fabrication, Inc. in the total amount of $1,818.29, consisting of: (1) $488.57 in liquidated damages; (2) $29.72 in interest; (3) $765 in attorney's fees; and (4) $535 in costs. Post-judgment interest shall accrue at the rate fixed under 28 U.S.C. § 1961.

Dated this 26th day of July, 2024.

*Lauren King*
Lauren King
United States District Judge